## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------)
MAAX SPAS (ARIZONA), INC                                      )
                                                              )
                              Plaintiff,                      )
              v.                                              )
                                                              )
HYDROPOOL INDUSTRIES INC.                                     )
                                                              )
                              Defendant.                      )
-------------------------------------------------------------)
```

FILED
MAY 2 4 2007
USDC WP SDNY

Civil Action No
JUDGE(S):

# 07 CIV. 4080

## JUDGE KARAS

### COMPLAINT

The Plaintiff, MAAX Spas (Arizona), Inc. ("Plaintiff") by and for its complaint against
Defendant, Hydropool Industries Inc. ("Defendant") hereby alleges and states:

### I.    INTRODUCTION

1.    This is an action for Trademark Infringement pursuant to the Lanham Act §32(1),
15 U.S.C. §1114(1)(a), and Common Law of the State of New York, False Designation of
Origin, False Advertising, Unfair Competition, Trademark Dilution and Unjust Enrichment
arising under the Lanham Act §43(a), 15 U.S.C. §1125, under the laws of the State of New York
and Common Law.

### II.    PARTIES

2.    Plaintiff, MAAX Spas (Arizona), Inc. is a corporation duly organized and existing
by virtue of the laws of the State of California, having a principal place of business at 25605 S.
Arizona Avenue, Chandler, Arizona 85248.

3.     Upon information and belief, Defendant, Hydropool Industries Inc. is a corporation duly organized and existing under the laws of Canada with a principal place of business at 335 Superior Boulevard, Mississauga, Ontario, L5T 2L6.

### III.    JURISDICTION AND VENUE

4.     This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C. §1121(a) (actions arising under the Lanham Act have original jurisdiction in federal courts), and 15 U.S.C. §1114, §1125. This Court also has supplemental jurisdiction over the asserted claims of common law Trademark Infringement, Unfair Competition, Trademark Dilution and Unjust Enrichment, pursuant to 28 U.S.C. §1367(a), because such claims are so related to those claims under which the Court has jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

5.     Venue is proper in this District pursuant to 28 USC §1391(d) because the Defendant is an alien of the United States, and operates a website and distributes its products in the United States through independent dealers and distributors, and conducts factory incentive programs directed to United States citizens.

### IV.    FACTUAL BACKGROUND

6.     Plaintiff is the owner of all right, title, and goodwill associated with United States Federal Trademark Registration No. 1,676,343 for the trademark THERMO-LOCK,® in connection with insulation built into and sold as a component part of spas in the nature of heated pools.  ("Plaintiff's THERMO-LOCK Mark.").  A copy of Plaintiff's U.S. Federal Trademark Registration is attached hereto as Exhibit A.

7.    Plaintiff obtained the THEMRO-LOCK registration under its former corporate name, Coleman Spas, Inc.  Plaintiff thereafter executed a corporate name change to MAAX Spas (Arizona), Inc. on November 27, 1998, and duly recorded the change of name with the United States Patent and Trademark Office on March 05, 1999.

8.    Plaintiff is also the owner of all rights, title, and goodwill associated with the Canadian Trademark Registration No. TMA637,496 for the trademark THERMO-LOCK,® in connection with insulation built into and sold as a component part of spas in the nature of heated pools.   A copy of Plaintiff's Canadian Federal Trademark Registration is attached hereto as Exhibit B.

9.    Since long prior to the acts of Defendant complained of herein, Plaintiff has been engaged in the business of manufacturing and distributing spas in the nature of heated pools. Plaintiff has used the THERMO-LOCK Mark in connection with insulation built into and sold as a component part of spas in the nature of heated pools, since at least as early as 1991 and has a priority date of 1989 based on its US Trademark Registration.

10.    Plaintiff's THERMO-LOCK Mark is now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b).

11.    Defendant, Hydropool Industries Inc., has adopted and is using the mark(s) THERMAL LOCK, THERMAL LOC, THERMAL-LOCK, THERMAL-LOC and/or DOUBLE THERMAL LOCK, DOUBLE THERMAL LOC, DOUBLE THERMAL-LOCK and/or DOUBLE THERMAL-LOC (collectively "Defendant's THERMAL-LOCK Mark").

12.    Defendant's THERMAL-LOCK Mark is virtually identical to Plaintiff's registered THERMO-LOCK Mark.

13.     Defendant's THERMAL-LOC Mark is used in connection with identical goods as those sold under Plaintiff's registered THERMO-LOCK Mark.

14.     Defendant's use of the THERMAL-LOC Mark is without the approval or authorization of Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT

15.     Plaintiff restates and re-avers each and every allegation contained in paragraphs 1-14, inclusive, of this Complaint and the acts of Defendant asserted therein as if fully recited in this paragraph.

16.     Without the consent or authorization of Plaintiff, Defendant has adopted and used Defendant's THERMAL-LOCK Mark (see Exhibit C) which is confusingly similar to Plaintiff's THERMO-LOCK Mark (See Exhibits A and B) in connection with the sale of goods, by placing such mark on the goods themselves, in advertising, packaging, on Internet websites, or in point of sale materials directly associated with the Defendant's goods and services.

17.     Defendant is using Defendant's THERMAL-LOCK Mark without the Plaintiff's consent or authorization, in a way which irreparably damages the Plaintiff and is causing confusion, mistake and deception as to the source or origin of the products sold and offered for sale by Defendant, giving the impression that these goods sold by Defendant are produced by, authorized by, distributed by or affiliated with the Plaintiff, which in fact they are not.

18.     On information and belief, the Defendant's THERMAL-LOCK brand goods are sold though the same or related trade channels as the Plaintiff's THERMO-LOCK brand goods and services.

4

19.     On information and belief, Defendant's THERMAL-LOCK brand goods are advertised and promoted through identical or highly related channels to those employed by the Plaintiff.

20.     On information and belief, Defendant has no present intention of terminating the activities complained of but, on the contrary, is continually seeking to expand such activities.

21.     Defendant's actions are eroding the connection by consumers between the Plaintiff, and the Plaintiff's THERMO-LOCK Mark, a mark recognized as the single source for goods and services sold under such marks. The Plaintiff's reputation has thus been and will continue to be subject to the perils and hazards, which arise from Defendant's tortious activities, resulting in grave and irreparable harm to Plaintiff and to the consuming public.

22.     Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, origin, affiliation or association of the product of Defendants.

23.     Plaintiff has placed Defendant on notice of its infringement, in writing and Defendant has refused to discontinue its infringing activities.

24.     Defendant is willfully infringing Plaintiffs' THERMO-LOCK Mark.

25.     Defendants' adoption and use of Defendant's THERMAL-LOCK Mark infringes Plaintiff's rights in Plaintiffs' THERMO-LOCK Mark as a result of Defendant's use of the THERMAL-LOCK mark on the same or confusingly similar goods and service to those upon which the Plaintiff applies its THERMO-LOCK Mark. Such use by the Defendants is likely to cause confusion, mistake or deception as to Plaintiff's THERMO-LOCK Mark and Defendant's use.

26.     Plaintiff is damaged as a result of Defendant's activities.

27.     Defendant's activities, as aforesaid, are in violation of 15 U.S.C. §1114.

## COUNT II
## COMMON LAW INFRINGEMENT

28.     Plaintiff restates and re-avers each and every allegation contained in paragraphs 1-27, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

29.     This count is for common law trademark infringement of Plaintiff's trademark rights in Plaintiff's THERMO-LOCK Mark.

30.     The Plaintiff has used, and has acquired considerable goodwill and distinctiveness, with regard to its THERMO-LOCK Mark.   The mark has been advertised and promoted and otherwise used in commerce throughout the United States, including this District, since at least as early as a date preceding the Defendant's adoption and use of its THERMAL-LOCK mark.

31.     Plaintiff has extensively used Plaintiff's THERMO-LOCK Mark in commerce and has acquired a considerable and valuable goodwill and wide-scale recognition for its Mark. The public has come to associate Plaintiff's THERMO-LOCK Mark with Plaintiff and Plaintiff's goods and services.

32.     Defendant's adoption of a mark which incorporates elements of the THERMO-LOCK Mark contributes to the likelihood that consumers will attribute goods and services offered under the THERMAL-LOCK as emanating from the Plaintiff.

33.     Defendant's use of the virtually identical THERMAL-LOCK Mark, on related and confusingly similar goods and services, as alleged above, is highly damaging to the Plaintiff and its mark.

34.     Plaintiff has made substantial investments in advertising and promoting its THERMO-LOCK Mark and goods in the United States.

35.     Defendant's use of the mark THERMAL-LOCK in conjunction with the same or similar goods and service as the Plaintiff in the same or similar channels of trade without the Plaintiff's consent or authorization, irreparably damages the Plaintiff and is causing confusion, mistake and deception as to the source or origin of the products sold and offered for sale by Defendant.

36.     Defendant has been placed on notice of the Plaintiff's THERMO-LOCK Mark, and of the damage engendered by Defendant's use of the confusingly similar THERMAL-LOCK Mark.

37.     Defendant's actions as aforesaid, damage and threaten to further damage the value of the Plaintiff's THERMO-LOCK Mark and the goodwill associated with its trademarks.

## COUNT   III
## TRADEMARK DILUTION UNDER THE LANHAM ACT

38.     Plaintiff restates and re-avers each and every allegation contained in paragraphs 1-37 inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

39.     This count is for Dilution under 15 USC 1125(c) of Plaintiff's rights in the THERMO-LOCK Mark.

40.     The Plaintiff's THERMO-LOCK Mark, as alleged above, is a famous mark.  The Plaintiff's THERMO-LOCK Mark has become distinctive and is uniquely associated by consumers with the Plaintiff and Plaintiff's goods and services.

41.     Plaintiff's THERMO-LOCK Mark is renowned in the relevant industries.

42.     Defendant's use of the Defendant's THERMAL-LOC Mark dilutes the distinctive quality of the Plaintiff's THERMO-LOCK Mark, confusing consumers and damaging the Plaintiff, in violation of 15 USC § 1125(C).

43.     Plaintiff is damaged by such dilution.

## COUNT IV
## FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING UNDER THE LANHAM ACT

44.     Plaintiff restates and reavers each and every allegation contained in paragraphs 1-43, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

45.     This count arises under 15 U.S.C. §1125(a).

46.     Defendant has used Defendant's THERMAL-LOCK Mark in a manner which is likely to cause confusion, mistake or deception, by virtue of its prominent use thereof in connection with Defendant's goods and services.

47.     Defendant's use and/or association with its THERMAL-LOCK Mark represents a False Designation of Origin, as consumers are likely to associate Defendant's THERMAL-LOCK  Mark with the Plaintiff and its well known and highly regarded use of Plaintiff's THERMO-LOCK Mark as an indicator of source, quality and consistency.

48.     Consumers will believe that Defendant's goods and services in conjunction with the infringing THERMAL-LOCK Mark are associated with, sponsored and/or endorsed by the Plaintiff, when in fact they are not.

49.     Defendant's use of its THERMAL-LOCK Mark erodes the connection between Plaintiff's THERMO-LOCK Mark as being the single source for Plaintiff's goods and services offered under such marks.  The Plaintiff's reputation has thus been and will continue to be subject to the perils and hazards which arise from Defendant's tortious activities, resulting in grave irreparable harm to Plaintiff and the consuming public.

50.     Defendant has no connection whatsoever with the Plaintiff and Plaintiff has no control over the acts of Defendant, nor any responsibility for the acts of Defendant.

51.     Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, affiliation or association of the products and services of Defendant.

52.     Defendant's use and/or association with Plaintiff's THERMO-LOCK Mark constitute a false designation of origin, as consumers are likely to associate Plaintiff's mark with Defendant.

53.     Defendant's use of the THERMAL-LOCK Mark constitutes false advertising to lead consumers to believe that Defendant's goods originate from the Plaintiff when in fact they do not.

## COUNT V
## UNFAIR COMPETITION UNDER THE LANHAM ACT

54.     Plaintiff restates and reavers each and every allegation contained in paragraphs 1-53, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

55.     This count is for Unfair Competition in violation of 15 USC §1125(a).

56.    Defendant's adoption of the Plaintiff's THERMO-LOCK Mark without Plaintiff's consent is likely to cause confusion among consumers.

57.    Defendant's adoption of their THERMAL-LOCK Mark unfairly capitalizes on the goodwill associated with the Plaintiff's THERMO-LOCK Mark that Plaintiff has built throughout the years.

58.    By adopting a mark that is so similar to Plaintiff's THERMO-LOCK Mark, Defendant is unfairly competing with Plaintiff by conducting business on the goodwill built by Plaintiff.  At the same time, Defendant is diluting the distinctive value of Plaintiff's THERMO-LOCK Mark, Plaintiff's core asset.

59.    Plaintiff is harmed by Defendant's activities.

60.    Defendant's acts constitute unfair competition.

## COUNT VI
## UNJUST ENRICHMENT

61.    Plaintiff restates and reavers each and every allegation contained in paragraphs 1-60, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

62.    This count is for Unjust Enrichment under the common law of the State of New York.

63.    Plaintiff has invested substantial sums of money in developing its products, its THERMO-LOCK Mark and its market presence.

64.    Defendant has unjustly used and continues to use the THERMAL-LOCK Mark in derogation of Plaintiff's rights, thereby unjustly profiting from the goodwill and success earned by Plaintiff.

65.    Defendant has been unjustly enriched to the extent that it has profited from Plaintiff's goodwill and reputation.

## **DEMAND FOR JURY TRIAL**

66.    Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by a Jury.

WHEREFORE, Plaintiff prays:

1.    THAT pursuant to 15 USC §1116 and the equity jurisdiction of this court, Defendant and its officers, agents, employees, representatives, and all persons in privity therewith be permanently enjoined and restrained from using on or in connection with the importation, sale, offering for sale, distribution, exhibition, display or advertising of its goods or services under the trademarks THERMAL LOCK, THERMAL LOC, THERMAL-LOCK, THERMAL-LOC and/or DOUBLE THERMAL LOCK, DOUBLE THERMAL LOC, DOUBLE THERMAL-LOCK and/or DOUBLE THERMAL-LOC or any other trademark in combination with other words or symbols, or any other marks or symbols which are confusingly or deceptively similar to, or colorably imitative of Plaintiff's THERMO-LOCK Mark.

2.    THAT pursuant to 15 USC §1117, Defendant be directed to pay over to Plaintiff, any and all damages which they have sustained by consequence of Defendant's statutory and Common Law Trademark Infringement, False Designation of Origin, False Advertising, Unfair Competition and Unjust Enrichment as enumerated herein.

3.    THAT Defendant and its officers, agents, employees, or representatives, and all persons in privity with Defendants not destroy but deliver up to this Court, pursuant to 15 U.S.C. §1118, all: molds, letterheads, advertising materials, computer programs in any language or

11

format (including HTML, Java or other formats for use in internet web pages), labels, packages, containers, name plates, and any other printed or electronic matter of any nature, and any products in their possession bearing or using the trademark THERMAL-LOC, THERMAL LOCK or any other trademark either alone or in combination with other words or symbols, or any colorable imitation of Plaintiff's THERMO-LOCK Mark, for the purposes of destruction thereof.

4.     THAT the conduct of Defendant complained of herein be declared willful and as a result the amounts of actual damages be trebled as provided for in 15 U.S.C. §1117.

5.     THAT pursuant to 15 U.S.C. §1117, Defendant be required to pay to Plaintiff the costs of this action, including its attorneys' fees and disbursements incurred.

6.     THAT Defendant be required to file with this Court and serve on Plaintiff a report in writing and under oath setting forth in detail the manner and form in which the Defendant has complied with the terms of the permanent injunction.

7.     THAT Defendant be enjoined from any sale of goods which dilutes the distinctive nature of the THERMO-LOCK Mark pursuant to 15 U.S.C. § 1025.

8.     THAT Plaintiff be granted such other and further relief as this court deems just and equitable.

Respectfully Submitted,

By: _____

Jessi M. Collen (JC-2875)
Matthew C. Wagner (MW-9432)
Jeffrey A. Lindenbaum (JL-1971)
COLLEN *IP*
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel.  (914) 941-5668
Fax. (914) 941-6091
*Attorneys for Plaintiff*

Dated: May 24, 2007

# EXHIBIT A



# The United States of America



Nº 1676343

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this eighteenth day of February 1992.

*Harry F. Manbeck, Jr.*

Commissioner of Patents and Trademarks

PTO-130

Int. Cl.: 11

Prior U.S. Cls.: 12, 13, and 35

Reg. No. 1,676,343

## United States Patent and Trademark Office

Registered Feb. 18, 1992

### TRADEMARK
### PRINCIPAL REGISTER

## THERMO-LOCK

COLEMAN SPAS, INC. (CALIFORNIA CORPO-
RATION)
3839 NORTH 35TH AVENUE
PHOENIX, AZ 85017

FOR: INSULATION BUILT INTO AND SOLD
AS A COMPONENT PART OF SPAS IN THE
NATURE OF HEATED POOLS, IN CLASS 11
(U.S. CLS. 12, 13 AND 35).

FIRST USE 5-28-1991; IN COMMERCE
5-28-1991.

SN 74-013,740, FILED 12-26-1989.

RICHARD A. STRASER, EXAMINING ATTOR-
NEY