PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036-4039
(212) 858-1723
Kerry A. Brennan (KB-2400)

Attorneys for Defendant
HYDROPOOL INDUSTRIES INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAAX SPAS (ARIZONA), INC., | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. 07-civ-4080 (KMK) |
| v. | )<br>) |
| HYDROPOOL INDUSTRIES INC., | )<br>) |
| Defendant. | )<br>) |

## ANSWER

Defendant Hydropool Industries Inc., by and through its attorneys, hereby answers the Complaint of Plaintiff Maax Spas (Arizona), Inc. as follows:

### INTRODUCTION

1.  Defendant admits that the Complaint portends to assert an action for trademark infringement under state and federal law, false advertising, dilution, and unfair competition under federal law, and unjust enrichment under state law. Defendant denies that it violated any of these laws.

## PARTIES

2. Defendant lacks information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and therefore denies the same.

3. Defendant admits the allegations of paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. To the extent the allegations of paragraph 4 of the Complaint are deemed to be allegations of law, Defendant is not required to plead in response thereto; to the extent the allegations of paragraph 4 of the Complaint are deemed to be allegations of fact, Defendant denies the same.

5. To the extent the allegations of paragraph 5 of the Complaint are deemed to be allegations of law, Defendant is not required to plead in response thereto; to the extent the allegations of paragraph 5 of the Complaint are deemed to be allegations of fact, Defendant denies the same.

## FACTUAL BACKGROUND

6. Defendant lacks information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and therefore denies the same.

7. Defendant lacks information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and therefore denies the same.

8. Defendant lacks information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and therefore denies the same.

9. Defendant lacks information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and therefore denies the same.

10. To the extent the allegations of paragraph 10 of the Complaint are deemed to be allegations of law, Defendant is not required to plead in response thereto; to the extent the allegations of paragraph 10 of the Complaint are deemed to be allegations of fact, Defendant denies the same.

11. Defendant admits that it has used the terms of which Plaintiff complains, but denies such use constitutes infringement.

12. Defendant denies the allegations of paragraph 12 of the Complaint.

13. Defendant denies the allegations of paragraph 13 of the Complaint.

14. Because Defendant uses the descriptive term Thermal-Loc and other similar terms in a non-trademark fashion, no approval or authorization from Plaintiff was required or obtained.

## COUNT I
## TRADEMARK INFRINGEMENT

15. Defendant repeats and realleges its response to paragraphs 1 through 14 of the Complaint as set forth above as if the same were fully set forth herein.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant denies the allegations of paragraph 18 of the Complaint.

19. Defendant denies the allegations of paragraph 19 of the Complaint.

20. Defendant admits that it has no present intention to stop using the merely descriptive terms in a non-trademark fashion. Defendant denies the remaining allegations of paragraph 20 of the Complaint.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

400631434v1

23. Defendant admits that it received a letter from Plaintiffs counsel threatening infringement. Defendant admits that it has refused to discontinue its activities, but expressly denies that those activities are infringing.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

## COUNT II
## COMMON LAW INFRINGEMENT

28. Defendant repeats and realleges its response to paragraphs 1 through 27 of the Complaint as set forth above as if the same were fully set forth herein.

29. To the extent the allegations of paragraph 29 of the Complaint are deemed to be allegations of law, Defendant is not required to plead in response thereto; to the extent the allegations of paragraph 29 of the Complaint are deemed to be allegations of fact, Defendant denies the same.

30. Defendant lacks information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint and therefore denies the same.

31. Defendant lacks information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and therefore denies the same.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

33. Defendant denies the allegations of paragraph 33 of the Complaint.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

35. Defendant denies the allegations of paragraph 35 of the Complaint.

36. Defendant admits that it received a letter from Plaintiffs counsel threatening infringement. Defendant expressly denies that it is infringing or using a confusingly similar trademark.

37. Defendant denies the allegations of paragraph 37 of the Complaint.

## COUNT III
## TRADEMARK DILUTION UNDER THE LANHAM ACT

38. Defendant repeats and realleges its response to paragraphs 1 through 37 of the Complaint as set forth above as if the same were fully set forth herein.

39. To the extent the allegations of paragraph 39 of the Complaint are deemed to be allegations of law, Defendant is not required to plead in response thereto; to the extent the allegations of paragraph 39 of the Complaint are deemed to be allegations of fact, Defendant denies the same.

40. Defendant denies the allegations of paragraph 40 of the Complaint.

41. Defendant denies the allegations of paragraph 41 of the Complaint.

42. Defendant denies the allegations of paragraph 42 of the Complaint.

43. Defendant denies the allegations of paragraph 43 of the Complaint.

## COUNT IV
## FALSE DESIGNATION OF ORIGIN AND
## FALSE ADVERTISING UNDER THE LANHAM ACT

44. Defendant repeats and realleges its response to paragraphs 1 through 43 of the Complaint as set forth above as if the same were fully set forth herein.

45. To the extent the allegations of paragraph 45 of the Complaint are deemed to be allegations of law, Defendant is not required to plead in response thereto; to the extent the allegations of paragraph 45 of the Complaint are deemed to be allegations of fact, Defendant denies the same.

400631434v1

46. Defendant denies the allegations of paragraph 46 of the Complaint.

47. Defendant denies the allegations of paragraph 47 of the Complaint.

48. Defendant denies the allegations of paragraph 48 of the Complaint.

49. Defendant denies the allegations of paragraph 49 of the Complaint.

50. Defendant admits the allegations of paragraph 50 of the Complaint.

51. Defendant denies the allegations of paragraph 51 of the Complaint.

52. Defendant denies the allegations of paragraph 52 of the Complaint.

53. Defendant denies the allegations of paragraph 53 of the Complaint.

## COUNT V
## UNFAIR COMPETITION UNDER THE LANHAM ACT

54. Defendant repeats and realleges its response to paragraphs 1 through 53 of the Complaint as set forth above as if the same were fully set forth herein.

55. To the extent the allegations of paragraph 55 of the Complaint are deemed to be allegations of law, Defendant is not required to plead in response thereto; to the extent the allegations of paragraph 55 of the Complaint are deemed to be allegations of fact, Defendant denies the same.

56. Defendant denies the allegations of paragraph 56 of the Complaint.

57. Defendant denies the allegations of paragraph 57 of the Complaint.

58. Defendant denies the allegations of paragraph 58 of the Complaint.

59. Defendant denies the allegations of paragraph 59 of the Complaint.

60. Defendant denies the allegations of paragraph 60 of the Complaint.

400631434v1

## COUNT VI
## UNJUST ENRICHMENT

61. Defendant repeats and realleges its response to paragraphs 1 through 60 of the Complaint as set forth above as if the same were fully set forth herein.

62. To the extent the allegations of paragraph 62 of the Complaint are deemed to be allegations of law, Defendant is not required to plead in response thereto; to the extent the allegations of paragraph 62 of the Complaint are deemed to be allegations of fact, Defendant denies the same.

63. Defendant lacks information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint and therefore denies the same.

64. Defendant denies the allegations of paragraph 64 of the Complaint.

65. Defendant denies the allegations of paragraph 65 of the Complaint.

## DEMAND FOR JURY TRIAL

66. Defendant demands a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

67. Plaintiff's Complaint fails to state a claim, in whole or in part, on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

68. The Complaint is barred, in whole or in part, by the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

69. The Complaint is barred, in whole or in part, by the equitable doctrines of waiver and/or acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

70. Plaintiff has abandoned its mark.

## FIFTH AFFIRMATIVE DEFENSE

71. Defendant uses or has used in the past the terms of which Plaintiff has complained in a good-faith fair, descriptive and non-infringing manner.

## PRAYER

Defendant denies that Plaintiff is entitled to any relief requested in the Complaint. Defendant prays for dismissal without prejudice of all of the Plaintiff's claims, and Defendant prays for its costs and attorneys' fees incurred in defending this action. Defendant also requests a declaration that its activities are non-infringing and prays for any other relief that the Court may deem equitable and just in these circumstances.

September 6, 2007

Respectfully submitted,

PILLSBURY WINTHROP
SHAW PITTMAN LLP

By: /s/ Kerry A. Brennan
Kerry A. Brennan
1540 Broadway
New York, NY 10036-4039
Phone: 212.858.1000

*Of Counsel*

Kevin T. Kramer
PILLSBURY WINTHROP
 SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
Phone: 202.663.8000

Sarah R. Greene
PILLSBURY WINTHROP

400631434v1

SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4589
Phone: 703.770.7900

*Attorneys for Defendant
Hydropool Industries Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 6, 2007, one copy of the foregoing Answer was served on counsel for Plaintiff Maax Spas (Arizona) Inc. via e-mail and first class mail, postage pre-paid, as follows:

Jeffrey A. Lindenbaum
COLLEN *IP*
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel. (914) 941-5668
jlindenbaum@collenip.com


*/s/ Kerry A. Brennan*